## Commonwealth v. Reading

*Roger B. Reynolds,* assistant district attorney, for Commonwealth.

*Wood, Hauser & DiJoseph,* for defendant.

CORSON, J., January 9, 1948.—In this case defendant was charged with assault and battery and aggravated assault and battery upon one Louis Steinberg.

The prosecutor, Louis Steinberg, was the only witness whose name was endorsed on the bill of indictment. In the transcript the justice of the peace mentions two other witnesses as eyewitnesses of the alleged assault and battery. The Commonwealth subpœnaed these witnesses and from the argument it would appear that these witnesses were present and waiting to be called before the grand jury. The Commonwealth, however, called only Louis Steinberg, and the grand jury ignored the bill.

The prosecutor thereupon filed the present petition asking that the bill be resubmitted to the grand jury. If the names of John O'Hara and Solomon Steinberg, the two other witnesses, had been endorsed upon the bill, the petition would have to be allowed, because the grand jury cannot ignore a bill without hearing all the witnesses endorsed on such bill: Commonwealth v. Lute, 2 D. & C. 224 (1922).

Admittedly the additional witnesses, O'Hara and Solomon Steinberg, were subpœnaed by the Commonwealth and were present, ready and willing to testify. There is an intimation not only that they were ready and willing to testify, but that they were prevented from so doing by the direct refusal of the district attorney or his assistant to allow them so to do.

The Lute case holds that it is the duty of the district attorney to note upon the back of the indictment all the names of the witnesses for the Commonwealth that appear in the subpœna. With this, however, we cannot agree. If, after examination, the district attorney finds that any witness so subpœnaed is adverse to the Commonwealth, certainly the district attorney is not required to call such witness before the grand jury or to place his name upon the back of the indictment. However, if such a witness is subpœnaed for the trial and not called, it would seem to be good practice for the district attorney as a quasi-judicial officer to state to defendant that such witness has been subpœnaed,

is present, and while not called by the Commonwealth, may be called by defendant if he so desires.

In the present case, however, no such question arises. Admittedly the two witnesses not called were eye-witnesses to the event and were not adverse witnesses so far as the Commonwealth was concerned. This being a misdemeanor, where the prosecutor might have had the costs imposed upon him by the grand jury, in fairness to such prosecutor the district attorney should have called the two witnesses returned by the justice of the peace, and subpœnaed by the district attorney, to appear before the grand jury.

The Commonwealth contends that the testimony of these witnesses would have merely been cumulative and that they could not have added anything to what the prosecutor had said. However, these eyewitnesses might have been able to add much to the testimony of the prosecutor and in all fairness we feel that they should have been called.

And now, January 9, 1948, for the reasons given, the petition to resubmit the bill is allowed, the rule granted thereon is made absolute, and the district attorney is directed to submit another bill of indictment to the next grand jury.